UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  2:25-cv-09673-BFM                    **Date:**  February 12, 2026

**Title:**    *TQJ, LLC v. Jennifer Esquivel et al.*

========================================================================

Present:   The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

|              Christianna Howard              |                 N/A                 |
| :---: | :---: |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff | Attorneys Present for Defendant |
| N/A | N/A |

**Proceedings:    (In Chambers) Order to Show Cause**

Plaintiff filed this copyright action in October 2025. Defendant filed an Answer that included counterclaims (ECF 10) and later filed amended counterclaims (ECF 22). Plaintiff moved to dismiss the copyright-related counterclaims. (ECF 24.) In reviewing the Plaintiff's filings, the Court identified four citations offered by Plaintiff in its Reply that do not exist.

Specifically, the Court was unable to locate the following citations in Westlaw or any other legal database:

- *Lewis v. Activision Blizzard, Inc.*, 2011 WL 2680778, at *5 (C.D. Cal. July 8, 2011), cited for the proposition that "editorial suggestions/feedback [are] not protectable." (ECF 28 at 4.) While there is a *Lewis v. Activision Blizzard* case, it is a case out of the Northern District of California, and it does not discuss whether edits or feedback are copyrightable. *See Lewis v. Activision Blizzard, Inc.*, No. C 12–1096 CW, 2013 WL 5663103 (N.D. Cal. Oct. 17, 2013). The "2011 WL" cite from the brief points to a case out of the New York Supreme Court.
- *Kogan v. Martin*, 2019 WL 4750414, at *6 (S.D.N.Y. Sept. 30, 2019), is cited for the proposition that "suggestions and critiques are insufficient" to be considered a derivative work. (ECF 28 at 4.) The Court could not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  2:25-cv-09673-BFM          **Date:**  February 12, 2026

**Title:**        *TQJ, LLC v. Jennifer Esquivel et al.*

====================================================================

find any case called "Kogan v. Martin" in any jurisdiction, and the "2019 WL" cite does not point to any case citation.

- *Muller v. Triborough Bridge*, 43 F. Supp. 2d 372, 379 (S.D.N.Y. 1999), is cited for the proposition that "ideas and recommendations, even if helpful, are not copyrightable." (ECF 28 at 4.) That citation points to a case called *United States v. De La Paz*, which adjudicated a suppression motion. There is a case called *Muller v. Triborough Bridge*, 43 F. Supp. 298 (1942), but as far as the Court can tell, it says nothing relevant to this Motion.
- *Steele v. County of San Mateo*, 2021 WL 917867 (N.D. Cal. Mar. 10, 2021), proffered as stating "Plaintiff cannot amend the Complaint through arguments in an opposition brief." (ECF 28 at 6.) The "2021 WL" cite does not return any case, the Court could not find a case called "Steele v. County of San Mateo," and the closest thing to this quote is only found in a Northern District of Ohio case.

Counsel who appeared at the hearing, Richard Charnley, is the person who signed the brief under his name, and his name alone. At the hearing on the Motion, the Court asked Mr. Charnley about the nonexistent citations and whether he or anyone at his firm used generative AI to assist with drafting its papers. Mr. Charnley stated that he wrote the brief, that he did not use generative AI in preparing the brief, and that he was not aware that anyone in his firm used such technology. He offered to investigate the issue but otherwise had no explanation for the nonexistent citations offered in the Reply.

The Court is troubled by these facts. Three of the four cites were proffered as authority on a point that, in the Court's view, appears to be underdeveloped in the caselaw. The hallucinated citations wasted the Court's limited resources, requiring the Court and chamber's staff to hunt for authority

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  2:25-cv-09673-BFM          **Date:**  February 12, 2026

**Title:**      *TQJ, LLC v. Jennifer Esquivel et al.*

===================================================================

for the relevant propositions, and to go back and check whether the rest of the authority proffered by Plaintiff is reliable. That Mr. Charnley had no explanation for the inclusion of these citations—or apparently even an awareness that they were present in the brief—is equally troubling; it suggests he did not review the authority cited before he filed the Reply under his signature or before he appeared to argue the Motion.

**No later than February 19, 2026**, Mr. Charnley is ordered to show cause why he should not be sanctioned (either monetarily, or by the striking of his pleading) under Rule 11, 28 U.S.C. § 1927, or the Court's inherent authority to impose sanctions. Mr. Charnley's response should include an explanation for the inclusion of nonexistent legal citations, should explain whether there are any other cites or propositions in any of his filings to date that should be withdrawn, and should describe what steps he is taking to ensure such a mistake does not recur. Defendant may file a response no later than February 26, 2026, if she chooses to.

At the hearing, Mr. Charnley stated he intended to file a supplemental brief with additional authorities in lieu of the ones presented in the Reply. That request is **denied**. The time to provide such authority *was* the Reply and Plaintiff will not be rewarded with a second bite at the apple. Once the Court receives counsel's response to this OSC, the Court will decide what steps to take with respect to the Motion and with respect to sanctions.

**IT IS SO ORDERED**

cc:    Counsel of Record

Initials of Preparer:    ch

Page **3** of **3**